UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

No 12-CV-2359 (JFB)
_____

ISA HAQQ,

Petitioner,

VERSUS

B. YELICH, SUPERINTENDENT,

Respondent.

_____

**MEMORANDUM AND ORDER**
November 20, 2012
_____

Joseph F. Bianco, District Judge:

Isa Haqq (hereinafter "Haqq" or "petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his conviction for three counts of robbery in the second degree. Haqq challenges his conviction on the following grounds: (1) the sentencing court failed to inform him that he could challenge the constitutionality of his conviction in 1982; and (2) he was convicted as a persistent violent felony offender when his previous conviction was for attempted burglary in the second degree and not burglary in the second degree, as he admitted. Yelich (hereinafter "respondent") moves to dismiss the petition as untimely.

For the reasons set forth below, the respondent's motion to dismiss is granted and the petition is dismissed. Specifically, the conviction under attack became final on August 29, 1999. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must be filed no later than one year following the date a conviction becomes final. As the present petition was filed on April 30, 2012, over twelve years after the one-year period expired, it is untimely. Moreover, there is no basis for equitable tolling. Accordingly, the petition is dismissed as time-barred.

I. BACKGROUND

On June 21, 1999, petitioner pled guilty to three counts of robbery in the second degree, N.Y. Penal Law. § 160.10. (June 21, 1999 Minutes of Plea ("Plea Tr.") at

23.)[1] At that time, petitioner admitted that on three occasions, once on September 20, 1998 and twice on October 3, 1998, petitioner and a co-defendant robbed people inside different establishments using a firearm. (*Id.* at 14-19.)

As part of his plea agreement, petitioner understood that he would be sentenced as a persistent violent felony offender, and admitted that he had twice been previously convicted of robbery in the second degree, once in 1982 and once in 1987. (*Id.* at 21-22.)

Before entering his guilty plea, petitioner stated on the record that he was pleading guilty to the charges with the understanding that the court would impose a sentence of three concurrent indeterminate terms of imprisonment of sixteen years to life. (*Id*. at 12-13.) Petitioner voluntarily waived his right to appeal after stating that he understood that the District Attorney required him to waive that right as a condition of his plea agreement. (*Id.* at 9-10.) Additionally, the court advised Haqq of his other rights and he agreed to waive those rights. (*Id*. at 8-9.)

On July 30, 1999, petitioner was sentenced, in accordance with his plea agreement, to three concurrent indeterminate terms of imprisonment of sixteen years to life. (Joanna Hershey Affidavit, June 19, 2012 ("Hershey Aff.") at ¶ 7.)

Petitioner filed his first motion to vacate his conviction on or around July 23, 2009, arguing that: (1) the Court failed to advise him that his sentence would run consecutively with the undischarged time on an unrelated conviction; (2) his attorney was ineffective for failing to intervene when the court said his new sentence would run consecutively with his previous sentence; and (3) that the court incorrectly classified him as a persistent violent felony offender. (*Id.* at ¶ 9.) Petitioner's motion was denied by the County Court on July 21, 1999 and leave to appeal was denied on December 2, 1999. (*Id.*) On or around June 21, 2010, petitioner filed another motion to vacate his sentence, claiming that: (1) the court failed to advise him of his right to contradict allegations in the persistent violent felony offender statements; and (2) his attorney was ineffective for failing to request a preliminary examination to contest the statements. (*Id.* at ¶ 10). The County Court denied this motion on June 25, 2010. (*Id.*)

On March 28, 2011, petitioner moved again to vacate his sentence. In this third motion, petitioner argued that he could not have been sentenced as a persistent violent felony offender because his 1982 conviction was for attempted second degree burglary, rather than second degree burglary as stated on the record. (*Id.* at ¶ 11; Plea Tr. at 21.) The County Court denied this motion on May 16, 2011, and leave to appeal was denied on September 13, 2011. (Hershey Aff. at ¶ 11.)

On April 30, 2012, *pro se* petitioner filed the instant application before this Court for a writ of habeas corpus. In his petition, petitioner claims that: (1) the sentencing court failed to inform him that he could challenge the constitutionality of his 1982 conviction; and (2) he was convicted as a persistent violent felony offender even though his previous conviction was for attempted burglary in the second degree and not burglary in the second degree as he admitted. (Petitioner's Memorandum of Law, Apr. 25, 2012 ("Ptr.'s Mem.") at 9, 15.) On June 20, 2012, respondent filed a

---

[1] Although the transcript of petitioner's guilty plea is dated June 21, 1998, it is clear that the hearing took place on June 21, 1999. (*See* Plea Tr. at 22.)

motion to dismiss the petition. On July 5, 2012, petitioner filed his opposition to that motion. On October 25, 2012, petitioner filed a motion for a certificate of appealability even though the Court had not yet decided the respondent's motion. The Court has fully considered all of the parties' submissions in rendering its decision.

II. DISCUSSION

Respondent seeks to dismiss the instant habeas corpus petition because petitioner failed to file his petition within the applicable statute of limitations provided by 28 U.S.C. §2244(d)(1). For the reasons set forth below, this Court concludes that Haqq's petition is untimely under Section 2244(d), and that there is no basis for equitable tolling of the statute of limitations.

A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state-court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

Pursuant to New York law, "[a] party seeking to appeal from a judgment or a sentence . . . must, within thirty days after imposition of the sentence . . . file with the clerk of the criminal court in which such sentence was imposed . . . a written notice of appeal . . . ." N.Y. C.P.L. § 460.10(1). Therefore, when a defendant fails to appeal a decision to the Appellate Division, the conviction becomes final thirty days after the sentence is imposed. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002);

3

*Perich v. Mazzuca*, CV-05-2942, 2007 WL 2455136, at *5 (E.D.N.Y. Aug. 23, 2007).

In the instant case, only subsections (A) and (D) could be applicable to this habeas petition. As set forth below, the petition is untimely under Section 2244(d)(1)(A), and Section 2244(d)(1)(D) does not result in a later date of commencement of the statute of limitations period under the facts of this case.

(1) Section 2244(d)(1)(A)

Pursuant to Section 2244(d)(1)(A), the statute of limitations began to run on the date petitioner's conviction became final. On June 21, 1999, petitioner pled guilty to three counts of robbery in the second degree. Petitioner was sentenced on July 30, 1999 to three concurrent indeterminate terms of imprisonment of sixteen years to life. Given that petitioner waived his right to appeal as part of his plea agreement, he did not appeal his conviction. Had he not waived this right, his time to appeal would have expired thirty days after his July 30, 1999 sentencing. *See* N.Y. C.P.L. § 460.10(1)(a). Accordingly, petitioner's conviction became final on August 29, 1999, and petitioner's time to file his petition expired on August 29, 2000.

Under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see Duncan v. Walke*r, 533 U.S. 167 (2001). A state collateral proceeding commenced after the one-year limitations period has already expired does not reset the start of the limitations period. *See Smith*, 208 F.3d at 16-17 & 16 n.2. In this case, none of petitioner's motions to vacate toll the statute of limitations. Petitioner's first motion to vacate does not toll the statute of limitations because it was filed on July 23, 2009, almost ten years after his conviction became final. This collateral attack, filed so many years after his conviction became final, "does not reset the start of the limitations period." *Id.* at 17.

Haqq had to file his petition by August 29, 2000 in order for it to have been timely. Accordingly, because petitioner did not file any petitions in state court until almost nine years after the time period to file had expired, and did not file this petition until over twelve years after his conviction became final, the Court concludes that the petition is untimely.

(2) Section 2244(d)(1)(D)

Petitioner claims, however, that he should be allowed to bring this petition because there is "newly discovered evidence." (Ptr.'s Mem. at 9.) Under 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations does not begin until the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner claims that a commitment order from his 1982 conviction that demonstrates he was convicted of attempted robbery, and not robbery, is newly discovered evidence. (Ptr.'s Mem. at 9) However, evidence is not newly discovered simply because petitioner did not possess it until recently. Under Section 2244(d)(1)(D), if the evidence could have been obtained earlier, "the date when the evidence was actually obtained has no effect on the AEDPA limitation period." *Duamutef v. Mazzuca*, 01-CIV-2553, 2002 WL 413812, at *9 (S.D.N.Y. Mar. 15, 2002) (Report and

4

Recommendation) (internal citation omitted). Not only should petitioner have been aware in 1999 of the crime he was convicted of in 1982, but he also fails to provide the Court with a sufficient explanation as to why he was not aware of this fact in 1999, or why the documentation on his 1982 conviction could not have been discovered in the year following his conviction. *See In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997) ("Criminal defendants are presumed to have conducted a reasonable investigation of all facts surrounding their prosecution." (citing *McCleskey v. Zant*, 499 U.S. 467, 498 (1991))). Therefore, since petitioner "knew, or should have known through the exercise of due diligence" at the time of his 1999 conviction of the crime he pled guilty to in 1982, his petition is also untimely under § 2244(d)(1)(D). *See Friedman v. Rehal*, 618 F.3d 142, 152 (2d Cir. 2010).

### B. Equitable Tolling of the Statute of Limitations

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17 (internal quotation marks and citation omitted); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time;" and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (internal citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate any extraordinary circumstances that prevented him from properly filing his habeas corpus petition in a timely fashion. To the extent petitioner attempts to argue that the "newly discovered evidence" regarding the 1982 conviction should provide a basis for equitable tolling, the Court rejects that argument for the same reasons discussed *supra* with respect to Section 2244(d)(1)(D) – namely, petitioner has failed to explain why he was not aware of any issues regarding his prior conviction at the time of his sentence, or in the many years following his sentence.[2] Moreover, even if petitioner were able to demonstrate extraordinary circumstances, he has not provided any evidence that he acted with "reasonable diligence" during the nearly decade-long delay between his conviction and his first post-conviction motion.

In short, petitioner has not presented any grounds that warrant equitable tolling. Nor has petitioner made a showing of actual innocence.[3] *See Whitley v. Senkowski*, 317

---

[2] Although petitioner does not raise this argument, the Court notes that his *pro se* status would not constitute extraordinary circumstances. *See Ayala v. Miller*, No. 03-CV-3289, 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's pro se status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."). Similarly, although petitioner claims in his opposition papers to have lost some legal documents in the prison at one point, that assertion is insufficient to explain the nearly decade-long delay in filing this petition, and does not provide a basis for equitable tolling.

[3] In fact, petitioner fails to explain how the alleged discovery of this documentation regarding his prior conviction prejudiced him in any way. In particular, even assuming *arguendo* that the 1982 conviction was (as petitioner asserts) for attempted burglary in the second degree, rather than second-degree burglary, his would still be a persistent violent felony offender. Attempted second-degree burglary is, like second-degree burglary, a violent felony offense. *See*

F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Accordingly, the petition is dismissed as time-barred.

### III. CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed as time-barred. On October 22, 2012, petitioner requested a certificate of appealability before his petitioner had been decided. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 20, 2012
Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by, Joanna Hershey of the Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.

---

N.Y. Penal Law §§ 70.02(1)(c), 140.25. Thus, as the state court found, any alleged error in the persistent violent felony offender statement had no impact on petitioner's adjudication as a persistent violent felony offender.